[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15604
Non-Argument Calendar
_____

D.C. Docket No. 3:15-cr-00013-DHB-BKE-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOAN MARIE PRICE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(May 30, 2018)

Before MARCUS, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Joan Marie Price appeals her conviction for conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846.  On appeal, Price argues that the district court abused its discretion in denying her motions for substitution of counsel and to continue her sentencing hearing.  As an initial matter, although Price argues that we should apply caselaw relevant to the denial of a motion to substitute counsel, the relevant caselaw for this appeal relates to the denial of a motion for continuance.  The motion filed by Price was captioned as a motion to continue, did not explicitly request the substitution of counsel, and was ruled on by the district court as a motion for a continuance.

We review the denial of a motion to continue sentencing for an abuse of discretion.  *United States v. Edouard*, 485 F.3d 1324, 1350 (11th Cir. 2007).  The defendant carries the burden to demonstrate that the denial of her motion was an abuse of discretion that resulted in specific and substantial prejudice.  *Id.*  We look at the specific circumstances presented, focusing on the reasons provided for the request for a continuance.  *Id.*

The Sixth Amendment right to counsel includes the right to counsel of the defendant's choice, but this right is not absolute.  *United States v. Campbell*, 491 F.3d 1306, 1310 (11th Cir. 2007).  Instead, a defendant is only guaranteed "a fair or reasonable opportunity" to select the attorney of her choice.  *United States v. Bowe*, 221 F.3d 1183, 1190 (11th Cir. 2000).  Courts balance the defendant's

right to counsel of choice with "the general interest in the prompt and efficient administration of justice." *Id.* In determining whether a denial of continuance deprives a defendant of a "fair and reasonable opportunity" to choose counsel, we have considered the following factors:

> (1) the length of the delay, (2) whether the counsel who becomes unavailable . . . has associates adequately prepared to try the case, (3) whether other continuances have been requested and granted, (4) the inconvenience to all involved in the [proceeding], (5) whether the requested continuance is for a legitimate reason, and (6) any unique factors.

*Id.*

Price's argument that the district court abused its discretion by denying her motion for a continuance is not persuasive. On balance, the relevant factors weigh against granting a continuance. In particular, the potential length of delay, the fact that Price's court-appointed counsel was ready to proceed, and the fact that Price did not state with any particularity why she needed new counsel all weigh against the grant of a continuance. *Bowe*, 221 F.3d at 1190. In addition, Price has not established that the court's decision caused her any specific prejudice. *Edouard*, 485 F.3d at 1350. Although Price argues that the government withdrew its motion for a reduction in her sentence based on the request for a continuance and her desire for new counsel, the record demonstrates that the government withdrew its motion because Price repeatedly minimized her role in the offense and, therefore, would not be a credible witness in proceedings against others. Thus, while Price

3

was prejudiced from the government's withdrawal of its motion, that prejudice was not caused by the denial of her motion for a continuance. Accordingly, we affirm the decision of the district court.

**AFFIRMED.**